IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,               Civil Action No.:
                                        Honorable:

v.

                                        COMPLAINT AND JURY
                                        TRIAL DEMAND

BELLE TIRE DISTRIBUTORS, INC.,


        Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (black) and retaliation, and to provide appropriate relief to Derrell Reid ("Reid") who was adversely affected by such practices. As alleged with greater particularity in paragraph 12 below, the EEOC alleges that Defendant, Belle Tire Distributors, Inc., ("Defendant"), has engaged in race discrimination against Reid by subjecting him to racial harassment, and by creating and maintaining a hostile work

1

environment because of his race in violation of Title VII. As alleged with greater particularity in paragraph 13 below, the EEOC further alleges that Defendant violated Title VII by taking adverse action against Reid and terminating his employment in retaliation for complaining about harassment and the hostile environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all times, Defendant has continuously been a company under the

laws of the State of Michigan, doing business in the city of Port Huron, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit Reid filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On April 6, 2018, the Commission issued to Defendant a Letter of Determination regarding Reid's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Reid's charge of

discrimination.

10. On September 6, 2018, the Commission issued a Notice of Failure of Conciliation to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. From March through July of 2016, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. §§2000e-2 & 2000e-3(a). These unlawful employment practices included, but were not limited to the following:

    a. Defendant engaged in race discrimination against Reid at its Port Huron, Michigan, location by subjecting him to severe or pervasive racial harassment and by creating or maintaining a hostile work environment because of his race (black);

    b. At all relevant times, Matthew McTaggart ("McTaggart") was the Manager and highest ranking employee on site at Defendant's Port Huron location;

    c. At all relevant times, Reid was the only black employee at Defendant's Port Huron location;

4

   d. Between March and July of 2016, McTaggart repeatedly made derogatory race-based comments to Reid. These comments included, but were not limited to, repeatedly calling Reid "cricket", "dumb-dumb", "retard" and telling Reid that "blacks don't get Saturdays off."

   e. Reid made clear to McTaggart that these comments were unwelcome, but McTaggart persisted.

   f. Between March and July of 2016, McTaggart regularly initiated demeaning physical contact with Reid in a way he did not with other employees. This contact included McTaggart shoving Reid and slapping him in the head or face. Often, this physical contact was coupled with derogatory race-based comments.

   g. Between March and July of 2016, McTaggart regularly targeted Reid for extra work when he was already engaged in another task, even when other Caucasian employees had nothing to do. Often, the extra work was of the janitorial variety and would be assigned accompanied by derogatory, race-based comments.

 13. When Reid complained about McTaggart's conduct to Human Resources and the Regional Manager, Defendant unlawfully retaliated against Reid by terminating his employment within 48 hours. Reid was terminated despite multiple other employees confirming McTaggart's inappropriate racial behavior and submitting written statements regarding the same.

14. The effect of the practices complained of above has been to deprive Reid of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and because he complained of discrimination.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Reid.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment;

B. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active convert or participation with it, from retaliating against employees based on their opposition to any employment practice made unlawful under Title VII;

C. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and employees who engage in protected activity, and which eradicate the

effects of its past and present unlawful employment practices;

  D. ORDER Defendant Employer to make whole Reid by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

  E. ORDER Defendant Employer to make whole Reid by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 13, above, in amounts to be determined at trial;

  F. ORDER Defendant Employer to make whole Reid by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 13, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  G. ORDER Defendant Employer to pay Reid for its malicious and reckless conduct described in paragraphs 12 and 13 above, in amounts to be proven at trial;

  H. GRANT such further relief as the Court deems necessary and proper in the public interest.

  I. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

 /s/  Kenneth  Bird	
KENNETH BIRD
Regional Attorney

 /s/ Omar Weaver	
OMAR WEAVER (P58861)
Supervising Trial Attorney

 /s/ Miles L. Uhlar	
MILES L. UHLAR (P65008)
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-4620

December 7, 2018